UNITED STATES v. HEATON et al.

(Circuit Court, E. D. Pennsylvania. July 20, 1903.)

No. 49.

1. DEBTS DUE UNITED STATES—PRIORITY—SURETIES.
    Rev. St. §§ 3466–3468 [U. S. Comp. St. 1901, p. 2314], which provide that debts due the United States shall have priority in the administration of the estates of insolvents, does not give such priority against sureties of debtors, and, in the absence of statutory provision, the right to such priority does not exist.

On Exceptions to Auditor's Report.

John E. Gensemer, W. S. Furst, David Lavis, and Francis G. Taylor, for claimants.

J. Whitaker Thompson and James B. Holland, for the United States.

F. B. Bracken, for Surety Co.

J. B. McPHERSON, District Judge. I do not think it necessary to add anything to the carefully considered and very satisfactory report of the auditor, except to reply briefly to one of the arguments advanced by the government in support of its claim to priority. The contention is, to use the language of the brief, that "the conclusion appears to be irresistible, in reading the three sections together (3466, 3467, 3468, Rev. St. [U. S. Comp. St. 1901, p. 2314]), that the intention of Congress was that the United States should be entitled to the same priority against the surety as against the principal. Otherwise section 3468 would be an absurdity. That section subrogates the surety to the rights of the United States in its priority against the principal. If it were held that the United States has no priority against the surety, the surety would, of course, have no priority against the principal," etc. I do not think the conclusion indicated by the phrase "of course" is properly drawn. The United States has no priority against a surety, for the reason that no statute has given it such a privileged position, while it has priority against an insolvent principal for the analogous reason that Congress has seen fit so to enact. The right of a surety, after he has paid the money due upon his bond to the United States, to be preferred in the distribution of his insolvent principal's estate, does not depend at all upon the answer to the question whether the United States has previously had priority against the surety, but rests solely upon the language of section 3468, which expresses the legislative will upon the subject. It is this section that is the source of the surety's right, and I think its true construction gives priority for so much, and no more, of the government's claim as the surety may have been obliged to pay by legal proceedings, or may have paid voluntarily, in discharge of his obligation upon the bond.

The exceptions of the United States are overruled, and the report of the learned auditor is adopted as the opinion of the court. Distribution of the fund is decreed in accordance with the schedule submitted in the report.